**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

_____

| | | |
|---|---|---|
| TAMARA HIGGINBOTHAM, on behalf | ) | |
| of herself and all others similarly situated | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No.   2:14-CV-2087 |
| v. | ) | |
| | ) | Judge |
| H. KENT HOLLINS, ATTORNEY AT | ) | |
| LAW, P.A. | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

_____

**COMPLAINT - CLASS ACTION**

**INTRODUCTION**

1.     Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of H. Kent Hollins, Attorney at Law, P.A. (hereinafter referred to as "Hollins" or "Defendant") in contacting Plaintiff on Plaintiff's cellular telephone using a pre-recorded voice message in direct contravention to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").   The TCPA prohibits unsolicited pre-recorded voice calls to cellular telephones without prior express consent within the meaning of the TCPA.

2.     "Consumer complaints about abuses of telephone technology - for example, computerized calls to private homes - prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls."   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012) (internal citations omitted).   In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

3.      Defendant has caused plaintiff and the putative class actual harm, not only because they were subjected to the aggravation that necessarily accompanies these calls, but also because plaintiff and the putative class have to pay their cell phone service providers for the use of their cellular telephones and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), § 1337, 47 U.S.C. § 227 (TCPA).   Venue in this District is proper because Plaintiff resides here and Defendant transacts business here.

## PARTIES

5.      Plaintiff Tamara Higginbotham ("Higginbotham") is, and at all times mentioned herein was, an individual citizen of the State of Kansas, who resides in the district.

6.      Defendant, H. Kent Hollins, Attorney at Law, P.A., is a Kansas professional association that maintains its headquarters at 3615 SW 29th St., Topeka, KS 66614.   Hollins provides collection services on debts owed to others.

7.      Hollins is engaged in the business of collecting consumer debts allegedly owed to others and regularly uses the telephone and United States mail for that purpose.

## THE TELEPHONE CONSUMER PROTECTION
## ACT OF 1991 (TCPA), 47 U.S.C. § 227

8.      As noted above, in 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.      The TCPA regulates, among other things, the use of artificial or prerecorded

messages.   Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.   The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the prior express consent of the called party.   *FCC Declaratory Ruling* 07-232, 23 FCC Rcd. 559.   The FCC emphasized that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.   *Id* at ¶ 10

**FACTS RELATING TO PLAINTIFF TAMARA HIGGINBOTHAM**

12.     At all times relevant, plaintiff Higginbotham was an individual residing in the State of Kansas.   Higginbotham is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

13.     Defendant Hollins is, and at all times mentioned herein was, a corporation and a "person" as defined by 47 U.S.C. § 153(10).

14.     Defendant Hollins has been attempting to collect an alleged debt owed by

3

an individual other than Higginbotham.

15.     Plaintiff did not provide consent for Hollins to contact her on her cellular telephone using a prerecorded voice.

16.     Hollins called Plaintiff's wireless number using a pre-recorded message on August 14, 2013 and left a voice message which stated:

> Please contact HK Hollins at 800-219-0102. Again please call us back at 800-219-0102 for an important message. This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose only.

## COUNT I - TCPA (CELLULAR CALLS)

17.     Plaintiff incorporates the above factual allegations herein.

18.     Hollins made unsolicited telephone calls to the wireless telephone number of plaintiff and the other members of the class with prerecorded or artificial voices.

19.     These phone calls were made without the prior express consent of plaintiff or the class or were made after any such consent had been revoked.

20.     Hollins has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ."   As a result of defendant's illegal conduct, plaintiff and the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

21.     Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting defendant's violation of the TCPA in the future.

4

## CLASS ALLEGATIONS

22.     Plaintiff defines the class, subject to amendment, as follows:

(1) All persons in the United States (2) to whose cellular telephone number (3) Hollins placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) within 4 years of the complaint (6) where Hollins did not have express consent to call said cellular telephone.

23.     Plaintiff represents and is a member of the Class.   Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

24.     Plaintiff does not know the exact number of members in the Class, but based upon the nature of the message campaign to plaintiff, plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

25.     Plaintiff and all members of the class have been harmed by the acts of defendant.

26.     This Class Action Complaint seeks money damages and injunctive relief.

27.     The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.   The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.   The class can be identified easily through records maintained by Hollins.

28.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.   Those common questions of law and fact include, but are not limited to, the following:

      a.      Whether Hollins engaged in a pattern of using prerecorded voices to place calls to cellular telephones;

      b.      Whether Hollins thereby violated the TCPA;

29.      As a person who received numerous telephone calls using an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA, plaintiff asserts claims that are typical of the members of the class.   Plaintiff will fairly and adequately represent and protect the interests of the class, and have no interests which are antagonistic to any member of the class or sub-classes.

30.      Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

31.      A class action is the superior method for the fair and efficient adjudication of this controversy.   Class wide relief is essential to compel defendant to comply with the TCPA.   The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small.   Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

32.      Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate.   Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff, the class and sub-class and against defendant for:

A.     Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

B.     Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

D.     Such other relief as the Court deems just and proper.

Respectfully submitted,
Tamara Higginbotham, Plaintiff


/s/ A.J. Stecklein
A.J. Stecklein   #16330
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:   913.371.0727
Facsimile:   913.371.0147
Email:   AJ@kcconsumerlawyer.com


Keith J. Keogh (*pro hac vice to be filed*)
Timothy Sostrin (*pro hac vice to be filed*)
Katherine Bowen (*pro hac vice to be filed*)
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois     60603
Telephone:   312.726.1092
Facsimile:   312.726.1093
Email:   Keith@KeoghLaw.com
Attorneys for Plaintiff


## JURY DEMAND

Plaintiff demands trial by jury.

/s/ A.J. Stecklein
A.J. Stecklein #16330

7