## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

_____

TAMARA HIGGINBOTHAM, on behalf   )
of herself and all others similarly situated   )
   )
       Plaintiff   )
   )   Case No. 2:14-CV-2087
     v.   )
   )   Judge
H. KENT HOLLINS, ATTORNEY AT   )
LAW, P.A.   )
   )
       Defendant.   )
_____

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

### INTRODUCTION

1.     Pursuant to Fed.R.Civ.P. 23, Plaintiff Tamara Higginbotham ("Plaintiff" or "Higginbotham") respectfully requests that this Court certify her claims against H. Kent Hollins, Attorney at Law, P.A. ("Hollins") under the Telephone Consumer Protection Act ("TCPA") as a class action after setting a briefing schedule on class certification, such that Plaintiff has sufficient time to take class discovery before filing a memorandum in support of this motion. Plaintiff further requests that she be appointed class representative and her counsel be appointed class counsel.

2.     This action, arising under the TCPA, 47 U.S.C. § 227, is brought on behalf of the following class:

> (1) All persons in the United States (2) to whose cellular telephone number (3) Hollins placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) within 4 years of the complaint (6) where Hollins did not have express consent to call said cellular telephone.

### THIS MOTION IS FILED EARLY TO AVOID A PICK OFF

3.     This motion is being filed at this time out of an abundance of caution to avoid any attempt by Defendant to moot the class claims by picking off the named Plaintiff with an individual settlement offer.

4.      The law in the 10th Circuit, while far from clear, indicates that class claims may possibly be mooted by an individual settlement offer providing complete relief to the named Plaintiff prior to the filing of a motion for class certification.  *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011) ("a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion."); *Michaels v. City of McPherson, Kansas*, 2013 U.S. Dist. LEXIS 105416, *10-11 (D. Kan. 2013); *but cf., Clark v. State Farm Mutual Auto. Insur. Co.*, 590 F.3d 1134, 1141 (10th Cir. 2009) ("a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified").

5.      In *Genesis Healthcare Corp. v. Symczyk* (No. 11-1059, April 16, 2013), the Supreme Court held that when an individual claim of a plaintiff in an FLSA collective action becomes moot, that plaintiff can no longer serve as the lead plaintiff in a collective action.  Because the *Genesis* Court held that "Rule 23 actions are fundamentally different from collective actions under the FLSA" it did not resolve whether a Rule 68 Offer moots a Rule 23 class plaintiff's claim. *Id*. at 6.  Further, the *Genesis* plaintiff conceded that a Rule 68 Offer mooted his collective claim. *Id*. at 5.  As such, the Court went on to hold that because the plaintiff's claim was mooted, the case must be dismissed for lack of subject matter jurisdiction. *Id*. at 11.  While plaintiff does not concede that *Genesis* would allow attempts to moot the named plaintiff's claims in a Rule 23 class action, similar cases are being considered by the Court and it is possible the Court will adopt the reasoning of the Seventh Circuit in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011) ("[A] plaintiff cannot avoid mootness by moving for class certification after receiving an offer of

full relief"). *Damasco* and other case law (and in the absence of any clear guidance from the Supreme Court) presents a dilemma for Plaintiff as to how to best avoid being "picked off" by a defendant seeking to evade class-wide liability. The Seventh Circuit described this dilemma as the "buy-off problem," but also identified a "simple solution": "Class-action plaintiffs can move to certify the class at the same time that they file their complaint." *Damasco*, 662 F.3d at 896. The pendency of that motion then protects a putative class from any attempts to buy-off the named plaintiffs. *Id*. In recognition of the fact that motions for class certification often require extensive discovery and investigation, the *Damasco* Court further suggested that the plaintiffs "also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id*.

6.     Plaintiff therefore files this motion early in the case only to "protect the putative class from attempts to buy off the named plaintiff." *Id*. But for the concern about a pick off offer from Defendant, Plaintiff would not have filed this motion prior to taking discovery. Plaintiff therefore requests leave to file a memorandum in support of this motion after taking initial discovery.[1]

## NATURE OF THE CASE

7.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.     The TCPA regulates, among other things, the use of an artificial or prerecorded voice. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of an artificial

---

[1] *See Id*., ("Although discovery may in some cases be unnecessary to resolve class issues, see 3 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 7.8, at 25 (4th ed.2002), in other cases a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class.")

or prerecorded voice to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (Jan. 4, 2008).  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."  *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶10).

## FACTS RELATING TO PLAINTIFF

11.     Plaintiff never had an account with Hollins.  Ms. Higginbotham has not conducted any business with Hollins, nor did she have any prior business relationship with Hollins.  Moreover, Mrs. Higginbotham has never made telephonic contact with Hollins such that Hollins would have permission or consent to contact her.  Ms. Higginbotham did not provide consent to Hollins to contact her on her cellular telephone using a prerecorded device.

4

12.     Hollins nevertheless contacted Plaintiff via prerecorded messages on Plaintiff's cellular telephone.  Plaintiff received calls on her cellular phone that were attempts to collect upon a debt that was owed by an unknown and unrelated person.

13.     Plaintiff avers that these telephone calls occurred within four years of filing this action.

14.     For every instance in which Hollins or any entity on behalf of Hollins, placed a non-emergency telephone call to Plaintiff's cellular telephone using a prerecorded voice, Hollins violated the TCPA.

## CLASS CERTIFICATION REQUIREMENTS

15.     All requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

16.     Given the nature of Hollins' business as a collections law firm and the firm's practice of using prerecorded voice messages, the Class members are so numerous that joinder of all is impracticable.  It is not necessary that the precise number of class members be known.  "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F. Supp. 1164, 1169 (E.D.N.Y. 1986).

17.     There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  Some of the predominant common questions include:

        a.     Whether Hollins made non-emergency calls to Plaintiff and Class Members' cellular telephones using an artificial or prerecorded voice;

        b.     Whether Hollins' conduct was knowing and/or willful;

c.      Whether Hollins is liable for damages, and the amount of such damages;

d.      Whether Hollins should be enjoined from engaging in such conduct in the

future; and

e.      The appropriate relief.

18.     Crucially, these common questions can be resolved with reference to standardized

conduct and documents.   The claims of all class members derive from the same procedures

implemented by Hollins.

19.     Plaintiff's claims are typical of those of the class members.  All are based on the

same factual and legal theories and Plaintiff seeks only statutory and punitive damages.

20.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has no

interests that conflict with the interests of class members.  Plaintiff has retained counsel competent

and experienced in such litigation, and she intends to prosecute this action vigorously.  FED. R.

CIV. P. 23(a)(4).  A copy of counsel's affidavit is attached as *Exhibit 1*.

21.     A class action is superior for the fair and efficient adjudication of the class

members' claims, in that:

a.      Consumers are unlikely to recognize the violation; and

b.      Individual actions are uneconomical.

22.     Numerous courts have certified substantially similar classes under the TCPA for

calls to cellular telephones. *See e.g.*, *Silbaugh v. Viking Magazine Services*, 278 F.R.D. 389 (N.D.

OH 2012); *Balbarin v. North Star Capital Acquisition, LLC*, Case No. 10 C 1846,2011 U.S. Dist.

LEXIS 686 (N.D. Ill. Jan. 5,2011) (motion to reconsider denied on Jan. 21,2011, Dkt. No. 160);

*Mitchem v. Illinois Collection Service, Inc.*, 09 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D. Ill., Jan.

3,2011); *Bellows v. NCO Financial Systems, Inc.*, 2008 U.S. Dist. LEXIS 103525 (2008).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order allowing Plaintiff time to submit a memorandum of law after initial discovery is exchanged, as well as determining that this action may proceed as a class action, Plaintiff be appointed class representative, and counsel for Plaintiff be appointed class counsel.

Respectfully Submitted,


By: /s/ A.J. Stecklein
A.J. Stecklein  #16330
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas  66101
Telephone:  913.371.0727
Facsimile:  913.371.0147
AJ@kcconsumerlawyer.com


Keith J. Keogh (*Pro Hac Vice* to be filed)
Timothy Sostrin (*Pro Hac Vice* to be filed)
Katherine M. Bowen (*Pro Hac Vice* to be filed)
KEOGH LAW, LTD.
55 W. Monroe St. Ste. 3390
Chicago, IL 60606
Telephone: 312.726.1092
Facsimile: 312.726.1093
Keith@KeoghLaw.com
TSostrin@Keoghlaw.com
KBowen@Keoghlaw.com
Attorneys for Plaintiff