IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TAMARA HIGGINGBOTHAM, | ) | |
| on behalf of herself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cv-2087-JTM-TJJ |
| | ) | |
| H. KENT HOLLINS, | ) | |
| ATTORNEY AT LAW, P.A., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Tamara Higginbotham brings a putative class action lawsuit against Defendant H. Kent Hollins, Attorney at Law, P.A., alleging violations of the Telephone Consumer Protection Act ("TCPA").[1]  This matter is before the Court on Defendant's Motion to Stay Proceedings, in which Defendant seeks a stay of this action until the Federal Communications Commission ("FCC") issues decisions on pending petitions which will clarify provisions of the TCPA germane to this lawsuit.[2]  Upon consideration of the matter, the Court determines that Defendant's motion should be granted.

Plaintiff alleges that Defendant contacted her on her cellular telephone, using a prerecorded voice message, in an attempt to collect on an alleged debt from someone other than Plaintiff.[3]  Plaintiff further alleges that she did not consent to Defendant contacting her via

---

[1] 47 U.S.C. § 227.

[2] ECF No. 19.

[3] *See* Complaint (ECF No. 1) ¶¶ 14, 16.

cellular telephone using a prerecorded voice or that such consent had been revoked.[4]

Defendant's conduct allegedly violated the TCPA, which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a cellular telephone service. "[5] Plaintiff asserts that she represents and is a member of a class which she defines as all persons in the United States to whose cellular telephone number Defendant placed a non-emergency telephone call using an artificial or prerecorded voice within four years of the complaint, where Defendant did not have express consent to call the number.[6]

Plaintiff does not allege that Defendant placed randomly dialed, advertising, or telemarketing calls.  Defendant asserts that the telephone call Plaintiff describes is one that Defendant placed to Tanya Beck about a debt Ms. Beck owed.  Ms. Beck had provided the telephone number to the creditor and had given the creditor permission to call her.  The creditor, in turn, provided Ms. Beck's number to Defendant.  Without the creditor or Defendant's knowledge, Ms. Beck's cellular telephone service provider later assigned the number to Plaintiff.[7]

The dispute in this case turns, in large part, on (1) whether the TCPA applies to non-telemarketing (i.e. debt collecting) calls to cell phones, and (2) whether the "prior express

---

[4]*Id.* at ¶¶ 15, 19.

[5]47 U.S.C. § 227(b)(1)(A)(iii).

[6]ECF No. 1 at ¶ 22.

[7]*See* Defendant's Motion to Stay Proceedings (ECF No. 19) at 2.

consent of the called party" refers to the party the caller intended to reach or the actual recipient of the call.  The parties disagree as to the state of the law on these two issues, but they agree that both require an interpretation of the TCPA.  Congress enacted the TCPA in 1991 "in an effort to address a growing number of telephone marketing calls and certain telemarketing practices Congress found to be an invasion of consumer privacy."[8]  Since its enactment, however, litigants have tested the law's reach in offering consumers protection from debt-collecting practices that fall within TCPA's forbidden conduct (and bring damages in private causes of action).  Although some courts have opined on issues relating to the definitions and scope of "called party" and "prior express consent,"[9] others have stayed cases under the primary jurisdiction doctrine pending FCC rulings on petitions which raise these issues to promote clarity and uniformity in interpretation.[10]

The primary jurisdiction doctrine allows courts to stay proceedings pending resolution of an issue within the special competence of an administrative agency.[11]  In this instance, Congress

---

[8]*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 561, 2008 WL 65485 (F.C.C. 2008).

[9]*E.g., Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242 (11th Cir. 2014); *Gager v. Dell Fin. Svcs., LLC,* 727 F.3d 265 (3d Cir. 2013); *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637 (7th Cir. 2012).

[10]*E.g., Barrera v. Comcast Holdings Corp.,* No. 14-cv-00343-TEH, 2014 WL 1942829 (N.D. Cal. May 12, 2014); *Matlock v. United Healthcare Svcs., Inc.,* No. 2:13-cv-2206-MCE-EFB, 2014 WL 1155541 (E.D. Cal. March 20, 2014); *Hurrle v. Real Time Resolutions, Inc.,* No. C13-5765 BHS, 2014 WL 670639 (W.D. Wash. February 20, 2014).

[11]*See USCOC of Neb./Kan., LLC v. Kan. Corp. Comm'n*, No. 07-2527-JAR, 2008 WL 269528, at *2 (Jan. 29, 2008).

has entrusted the implementation and interpretation of the TCPA to the FCC.[12]  Defendant seeks

a stay of this case until the FCC rules on two pending petitions which are likely to provide

uniform interpretation of the TCPA and may be dispositive of this action.[13]  Plaintiff opposes a

stay, arguing that neither petition addresses a question at issue in this case, but that even if they

were relevant, this Court need not await their resolution because courts and the FCC have

already addressed the questions Defendant seeks to defer to the FCC.[14]

 This issue has recently been addressed and decided in this District.  Magistrate Judge

James P. O'Hara ordered a stay in *Higgenbotham v. Diversified Consultants, Inc.*, No. 2:13-cv-

02624-JTM-JPO, which also alleges violations of the TCPA by attempting to collect an alleged

debt owed by someone other than Plaintiff.[15]  For the reasons stated in Judge O'Hara's order, the

Court determines that a stay of this action is appropriate until the FCC proceedings are resolved.

 **IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Proceedings is

**granted**.  All pretrial proceedings in this case, including discovery and pretrial conference, are

---

[12]*See Charvat v.EchoStar Satellite, LLC*, 630 F.3d 459, 466-67 (6th Cir. 2010).

[13]*See In re Commc'n Innovators' Pet. For Declaratory Ruling*, CG Dkt. No. 02-278 (June 7, 2012) ("Communication Innovators"); *In re United Healthcare Svcs., Inc.'s Petition for Expedited Declaratory Ruling Regarding Reassigned Wireless Telephone Numbers,* CG Dkt. No. 02-278 (Jan. 16, 2014) ("United Healthcare Services, Inc.").

[14]Plaintiff has also filed a Motion to Strike or Disregard Affidavit (ECF No. 22), in which she asks the Court to strike or disregard an affidavit that Defendant filed along with its reply in support of the instant motion.  *See* ECF No. 21-1.  Defendant has not responded to Plaintiff's motion. Under D. Kan. R. 7.4(b), a party's failure to respond ordinarily results in the Court granting the motion. The Court grants Plaintiff's motion and disregards the affidavit of Jon Anthony Colombo, ECF No. 21-1.

[15]*See Higgenbotham v. Diversified Consultants, Inc.*, No. 2:13-cv-02624-JTM-JPO, ECF No. 22 (filed May 14, 2014).

stayed until a decision is issued by the FCC on the Communication Innovators and the United Healthcare Services, Inc. Petitions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike or Disregard Affidavit (ECF No. 22) is **granted**.  The Court disregards the affidavit of Jon Anthony Colombo, ECF No. 21-1.

**IT IS FURTHER ORDERED** that within **fourteen days** of the FCC's order on each of those petitions, Defendant shall file a status statement informing the Court of the FCC's order and attaching a copy of the order as an exhibit.  If the FCC does not issue an order on the Communication Innovators or the United Healthcare Services, Inc. Petitions by **November 1, 2014,** Defendant shall file a status statement by that date advising the Court as to the FCC's progress on resolving the Petitions.

IT IS SO ORDERED.

Dated this 24th day of June, 2014, at Kansas City, Kansas.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge
